Freeman, J.,
delivered the opinion of the court.
This is a bill filed to set aside a credit that had been allowed by Stegall on a judgment in his favor against administrators of hi. J. Fisher, deceased, and defendant Paul A. Fisher as surety.
Stegall had purchased land at a chancery sale, sold as property of the estate of Fisher, deceased. The clerk held his notes for this land. He had filed his memorandum of his judgment against the estate as a claim against the same. The clerk and master told him he was entitled to the sum of $386 as his pro rata of moneys on hand; instead of taking the money, a credit was entered on his notes and on his judgment for this sum.
The sale of the land was afterwards set aside. Stegall lost his land, and his notes were given up to him. Before this was done, on the basis of this being a proper credit on the judgment, he arranged the judgment against defendant by taking his notes for the balance due with the credit allowed; when he lost the land, and thus found that the credit was not a payment to him on the judgment, he files this bill to be reinstated to his rights and have the amount thus allowed by mistake enforced as a 'debt against the surety, the present defendant.
We think he was entitled to the relief. The surety does *651 not pretend that he has paid this sum. Although he was no party to the entry of the credit, he took the benefit of it and must bear the burden,; if it was improperly allowed. -There is no pretense that he was in anywise injured by the transaction, or has lost any security available for his indemnity against the principal debtor. If there had been bad faith on the part of the creditor, whereby the surety had been injured, he would be discharged to the extent of the injury. But here the bad faith is on the side of the surety, by insisting on a discharge of his liability, without consideration or payment and without fault on the part of the creditor. This cannot be allowed. The chancellor so held, and we affirm his decree with costs.